

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Southern Division*

---

Rod J. Rosenstein
United States Attorney

Mark W. Crooks
Assistant United States Attorney

36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201

DIRECT: 410-209-4867
MAIN: 410-209-4800
FAX: 410-962-3091
TTY/TDD: 410-962-4462
Mark.Crooks@usdoj.gov

May 10, 2012

Mr. Brennan C. McCarthy, Esq.
Souza LLC - Attorneys
2543 Housley Road
Annapolis, MD 21401

Re: United States v. David Gould, Criminal Case # L-12-0295

Dear Mr. McCarthy:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by May 11, 2012 at 5 p.m. EST, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offenses of Conviction

1. The Defendant agrees to waive Indictment and plead guilty to a One Count Information, which charges him with possession of child pornography, in violation of 18 U.S.C. §§2252A(a)(5)(B) & (b)(2). The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

### Elements of the Offenses

2. The elements of the offense (Possession of Child Pornography) to which the Defendant has agreed to plead guilty, and which this Office would prove if the case were to be indicted and go to trial, are as follows:

   a. That on or about February 24, 2012, the defendant knowingly possessed and accessed material containing child pornography with intent to view;

    b.  That the material was transported in or affecting interstate or foreign commerce or was produced using materials that had been transported in or affecting interstate or foreign commerce;

    c.  That the child pornography was of one or minors engaged in sexually explicit conduct; and

    d.  That the defendant knew of the sexually explicit nature of the material and that the visual depictions were of actual minors engaged in that sexually explicit conduct.

### Penalties

  3.  The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: ten years imprisonment, followed by a term of not more than lifetime supervised release, and a $250,000 fine. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 2264, 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

  4.  The defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

### Waiver of Rights

  5.  The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

    a.  The Defendant has the right to have his case presented to a Grand Jury,

---

[1]   Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

2

which would decide whether there is probable cause to return an indictment against him. By agreeing to proceed by way of Information, he is giving up that right, and understands that the charges will be filed by the United States Attorney without the Grand Jury.

b. If the Defendant had not agreed to the filing of an Information and was subsequently indicted by a federal grand jury, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

c. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

d. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

e. The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

f. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

g. By consenting to the filing of an information and pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

h. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

i. By pleading guilty, the Defendant will also be giving up certain valuable civil rights, such as the right to possess a firearm or the right to vote, and may be subject to deportation or other loss of immigration status. TheDefendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

### Advisory Sentencing Guidelines Apply

6. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

7. This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

    a. The base offense level is **18** pursuant to U.S.S.G. § 2G2.2(a)(1).

    b. Pursuant to U.S.S.G. § 2G2.2(b)(2), there is a two 2-level increase because the depictions involved prepubescent minors or minors under the age of twelve.

    c. Pursuant to U.S.S.G. §2G2.2(b)(4), there is a 4-level increase because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence.

    d. Pursuant to U.S.S.G. § 2G2.2(b)(6), there is a 2-level increase because the receipt involved the use of a computer.

    e. Pursuant to U.S.S.G. § 2G2.2(b)(7)(D), the number of images was more than 600 images, and thus 5 levels are added.

The total offense level is **31**.

      b.     This Office does not oppose a 2-level reduction in the Defendant's combined offense level based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional 1-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

      The final offense level is therefore a **28**.

      8.     The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

      9.     This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.

### Rule 11 (c) (1) (C) Plea

      10.     The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of **30 to 36 months incarceration,** (the exact number of months to be determined by the Court), a fifteen-thousand dollar fine (~~$15,000~~) [$75,000] and lifetime supervised release is the appropriate disposition of this case. This agreement does ~~not~~ affect the Court's discretion to impose any fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this plea agreement, *either* party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5). [initials: BW / Jer]

### Obligations of the United States Attorney's Office

      11.     At the time of sentencing, this Office will recommend a sentence within the range of months and consistent with the terms described above in Paragraph 10.

      12.     The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

### Forfeiture

13.   The defendant understands that the court will, upon acceptance of his guilty plea, enter an order of forfeiture as part of his sentence, and that the order of forfeiture may include assets directly traceable to his offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense. Specifically, the court will order the forfeiture of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense, and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense, including but not limited to the following property that was recovered from the defendant's residence and in which the defendant agrees to forfeit to the United States all of his right, title, and interest: a Dell Studio 1737 laptop computer, serial no. BBS9KK1; a Western Digital external hard drive, serial no. WXCX07202893; a Vantex external hard drive enclosure containing an internal hard drive; and 2 stand-alone Maxtor hard drives. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

### Assisting the Government with Regard to the Forfeiture

14.   The defendant agrees to assist fully in the forfeiture of the foregoing assets. The defendant agrees to disclose all of his assets and sources of income to the United States, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. The defendant further agrees that he will not assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding and that he will testify truthfully in any such proceeding.

### Waiver of Further Review of Forfeiture

15.   The defendant further agrees to waive all constitutional, legal and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this agreement, and will not assist any third party with regard to such challenge or review or with regard to the filing of a petition for remission of forfeiture.

### Waiver of Appeal

16. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

   a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

   b. The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds 36 months' imprisonment; and (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is below 30 months' imprisonment.

   c. Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

   d. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

### Obstruction or Other Violations of Law

17. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

### Court Not a Party

18. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this plea agreement made pursuant to Rule 11 (c) (1) (C) Plea, and, if the Court accepts the plea agreement, the Court retains the power to impose a sentence in the range stipulated to by the parties as indicated in Paragraph 10. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what sentence within the stipulated range the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Agreement Does Not Cover Production of Child Pornography Or Sexual Activity with a Minor

19. The parties agree and understand that this plea agreement is being entered into prior to a full and complete forensic examination of the Defendant's additional electronic media; namely, a hard drive. Should the government find evidence that the Defendant was involved in the production of child pornography or any sexual activity with a child, this Agreement would not prevent the United States in any way from prosecuting said offenses.

### Entire Agreement

20. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Mark W. Crooks
Assistant United States Attorney


I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

_5/30/12_  _____
Date                  David Gould


I am David Gould's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

_5/30/2012_  _____
Date                  Mr. Brennan McCarthy, Esq.

9



## ATTACHMENT A

*This Office and the Defendant stipulate and agree to the following facts that the United States would have proved beyond a reasonable doubt had this case proceeded to trial. They further stipulate and agree that these are not all of the facts that the United States would have proven.*

1. David Gould ("the Defendant"), age 59, is a resident of Annapolis, Maryland and was employed at Pepco, Inc. in Washington, D.C. for 26 years. The defendant has stage-4 bladder cancer.

2. At all times relevant to this case, the Defendant used the username "Gonemad22" to log-on to the Internet from his home personal computer and to engage in communications with other Internet users vis-a-vis peer-to-peer ("P2P") file sharing networks and chat rooms. P2P is a method of file sharing available to Internet users through the use of special software that allows users to trade digital files through P2P networks formed by linking computers together through the Internet.

3. On August 13, 2011, the Defendant posted files on the P2P network from a personal folder entitled "younger bitches." The Defendant accepted an invite to share access to this and other file folders.

4. On September 13, 2011, the Defendant made numerous digital files available to other P2P users, including files within a folder entitled "Carrie 13 Jahre Jung." The files comprised visual depictions of minors under the age of 12 engaging in sexually explicit conduct; that is, "child pornography" defined under 18 U.S.C. §2256(8). At approximately 9:35 AM (EST), the Defendant sent from his P2P network to another user 6 images constituting child pornography, including (1) a file entitled "carrie.jpg," which depicts a naked minor female with her legs spread, exposing her genitalia; and (2) a file entitled "kitty02.jpg", which depicts a close-up of the minor female's genitalia.

5. On February 24, 2012, a search warrant was executed at the Defendant's residence and four laptop computers, two external hard drives and multiple pieces of removable media, among other items, were recovered. Additionally, agents searched a storage unit belonging to the Defendant, where five additional hard drives were recovered. The forensic examination of some of these items uncovered at least 29 videos and more than 600 images of minors engaging in sexually explicit conduct, including the image "carrie.jpg" which the Defendant distributed on September 13, 2011, as well as numerous images of young children bound and restrained and subject to physical and sexual abuse. The Defendant admitted that he has been trading and collecting child pornography for over ten years and that he has discarded multiple computers containing child pornography.

6. The Defendant sought out these visual depictions on the Internet and knowingly made them available for others to download, thereby distributing the images, using the P2P network. The Defendant knew the images depicted minors engaged in sexually explicit conduct; in addition, the images had traveled in interstate or foreign commerce.

Agreed to this 30th day of May, 2012

\_\_\_\_\_/s/_____
David Gould